UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY HARPER, IV, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 1:17-cv-7581 |
| v. | ) | |
| | ) | |
| PROFESSIONAL DEBT MEDIATION, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## <u>COMPLAINT</u>

Plaintiff, Timothy Harper, IV, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## <u>STANDING</u>

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, emotional distress caused by Defendant's repeated attempts to collect a debt he did not owe, substantial time and resources spent on attempting to rectify Defendant's illegal

1

conduct in attempting to collect a debt he did not owe, and by Defendant's false reporting to third parties, including consumer reporting bureaus, that Plaintiff owed a debt when in fact he did not.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Timothy Harper, IV ("Mr. Harper" or "Plaintiff"), is a resident of the State of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted rental property debt. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Professional Debt Mediation, Inc. ("PDMI"), is a Florida corporation with its principal place of business at 7948 Baymeadows Way, 2nd Floor, Jacksonville, FL 32256. PDMI does or transacts business in Illinois. Its registration in Illinois was revoked by the Illinois Secretary of State but is still active and registered in Florida. Its registered agent is Rohan Kissoonlal, who may be found at 7948 Baymeadows Way, 2nd Floor, Jacksonville, FL 32256.

8. PDMI acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

9. PDMI also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

11. The debt was later transferred or assigned to PDMI for collection.

12. The alleged debt was due to back rent owed to Woodlake Apartments in Escondido, California with a claimed original balance of $1,790 for an apartment lease from 2013.

13. Plaintiff has never lived in California, has never signed or otherwise agreed to any lease in California, and has never authorized anyone to use his name or other information to take out a lease in California.

14. In fact, during this time, Plaintiff was living in DeKalb, Illinois while attending Northern Illinois University.

15. Plaintiff does not owe the alleged debt, and never owed it.

16. Plaintiff was a victim of identity theft, and as a result, has been contacted by Defendant attempting to collect this alleged debt. Plaintiff believes that his father, Timothy Harper III, used his social security number in order to open up accounts in Plaintiff's name.

3

17. In September 2013, Plaintiff spoke to Brian Peterson, an agent for Defendant PDMI, and told Peterson that the debt was not his, that he had never lived in California or authorized anyone, including his father, to rent an apartment in his name or otherwise use his identity.

18. Peterson told Plaintiff that the only options to stop collection on the debt were to pay the debt or have his father arrested for identity theft.

19. On October 8, 2013, Plaintiff filed a police report with the Palatine, Illinois Police Department, in which the narrative stated:

> **Harper IV stated that this father (Timothy L Harper III) is currently in Federal Prison for financial crimes. Harper IV stated that since 2006 he has been receiving calls and mail correspondence from various creditors claiming that he owes them money. Recently, Harper IV learned that Harper III had opened various accounts in several states, over several years, using Harper IV's social security number Harper IV has been working with legal experts to resolve the matter, but was concerned that his father may continue fraudulently using the social security number when he is release from prison in December 2013.**
>
> **Harper was advised to contact the Social Security Information regarding further direction in resolving the matter and protecting his Social Security Number in the future.**

20. Plaintiff sent the police report to PDMI shortly after it was filed, along with an FTC identity theft affidavit and a statement that the alleged debt was not his and that he was the victim of identity theft.

21. Despite the fact that Plaintiff provided the police report to PDMI, it continued contacting him in an attempt to collect the alleged debt.

22. On or around December 2015, Plaintiff disputed the alleged debt with the Equifax consumer reporting bureau.

23. On January 14, 2016, PDMI sent Plaintiff a letter where it stated in relevant part:

> **Recently you advised us that for one or more reasons, the above indicated debt was not in order.**
>
> **Accordingly, we discontinued using any means or device to collect this delinquent account**
>
> **Enclosed please find attached written confirmation from our client as verification of this debt.**
>
> **If you would like to discuss the enclosed verification further, please contact our office upon receipt of this notice**
>
> **Otherwise, please remit the balance indicated above or contact our office to discuss a mutually satisfactory payment arrangement within 30 days of receipt of this notice.**
>
> **Sincerely,**
>
> **Brian Peterson**
> **Collection Department**
> **Professional Debt Mediation, Inc.**
>
> **(Exhibit A, January 14, 2016 Collection Letter).**

24. This letter was a communication in connection with the collection of a debt as defined by 15 U.S.C. § 1692a(2).

25. The documents that PDMI provided show the apartment was rented by "Timothy Harper" and "Ella Thompson", and contained the last four digits of Plaintiff's social security number. Nowhere in the document did it contain the name "Timothy Harper IV" or any other designation showing that it was Plaintiff.

26. On January 14, 2016, PDMI confirmed that Plaintiff disputed the account and knew or should have known that Plaintiff did not owe the alleged debt.

27. On information and belief, Plaintiff's father, Timothy Harper III, made monthly payments to Defendant PDMI on the alleged debt, which lowered the overall balance. As a

5

result, Defendant knew or should have known that Plaintiff was not responsible for the debt since it was being paid for by another individual.

28. On June 12, 2017, PDMI communicated a balance to the TransUnion consumer reporting bureau, communicating in part that Plaintiff owed a debt to Woodlake Apartments and that the account had a balance of $565. (Exhibit B, TransUnion Credit Report).

29. On June 12, 2017, PDMI communicated a balance to the Experian consumer reporting bureau, communicating in part that Plaintiff owed a debt to Woodlake Apartments, that the account had a balance of $565, and that the collection account was past due as of June 2017. (Exhibit C, Experian Credit Report).

30. On July 13, 2017, Plaintiff completed another FTC Identity Theft Affidavit, including all required information to show that the alleged debt that PDMI was attempting to collect was not his.

31. In fact, Plaintiff specifically refers to the PDMI debt, including the date the fraud occurred, the account number and stating under oath that the account was opened fraudulently.

32. Plaintiff also refers to the police report he filed with the Palatine Police Department, including the report number and the date it was filed. Plaintiff additionally stated that he did not authorize anyone to use his name or personal information to obtain any money, credit loan or other goods or services, did not receive any benefit as a result of the identity theft, and was willing to work with law enforcement if charges were brought against the person committing the fraud.

33. Plaintiff declared all the information contained in the FTC fraud affidavit true under penalty of perjury.

34. Plaintiff provided a copy of this to Defendant PDMI shortly after it was completed.

35. On July 27, 2017, Plaintiff received a voicemail from Defendant PDMI.

36. The message stated:

> **Hi. This message is for Timothy Harper. My name is John Hall. It is important we speak, sir. If you can give me a ring back, a call back, as soon as possible that would be great. The number to reach me is 888-676-9872, extension 1211. Thank you and talk to you soon.**

37. This voicemail was a communication in connection with the collection of a debt as defined by 15 U.S.C. § 1692a(2).

38. Nowhere in the message does PDMI's agent state that he was calling from PDMI, that PDMI is a debt collector, or that the call was an attempt to collect a debt.

39. On August 22, 2017, PDMI sent another letter to plaintiff stating in relevant part:

> **Recently we received a dispute you filed with one or more of the credit reporting agencies**
>
> **Accordingly, we discontinued using any means or device to collect this delinquent account and your account has been updated to reflect you are disputing this debt.**
>
> **Enclosed please find attached written confirmation from our client as verification of this debt.**
>
> **If you would like to discuss the enclosed verification further, please contact our office upon receipt of this notice**
>
> **Otherwise, please remit the balance indicated above or contact our office to discuss a mutually satisfactory payment arrangement within 30 days of receipt of this notice. It is possible we may be able to offer you a compromised settlement, pending approval from our client, to resolve this matter.**
>
> **Sincerely,**
>
> **Kersti Farmer**

7

**(Exhibit D, August 22, 2017 Collection Letter).**

40. The letter additionally contained a hand written post-script stating:

> **\* Provide proof of ID theft and/or police report w/ a copy of your ID and soc. sec.**

41. This letter was a communication in connection with the collection of a debt as defined by 15 U.S.C. § 1692a(2).

42. Plaintiff had already provided PDMI with a police report regarding his identity being stolen by his father, and the FTC fraud affidavit regarding this issue. As a result, PDMI's request for additional documents and police report or ID theft affidavit that were already in its possession, were unnecessary and intended only to force Plaintiff to either do additional work or pay a settlement to Defendant in order for it to stop its attempts to collect a debt he did now owe.

43. The information "verifying" the alleged debt was substantially the same as that provided to Plaintiff by PDMI when he disputed the alleged debt in 2016.

44. PDMI's continued attempts to collect the alleged debt from Plaintiff were wholly improper and a violation of the FDCPA because it had all of the information required to show that Plaintiff did not owe the alleged debt, and PDMI's collection activities were conducted solely in an attempt to force Plaintiff to pay a debt he did not owe.

45. Plaintiff suffered pecuniary damages as a result of Defendant's wrongful attempts to collect an alleged debt, including money paid to send dispute letters to consumer reporting bureaus and to Defendant after Defendant would not cease to falsely credit report the alleged debt to consumer reporting agencies, money spent monitoring his credit due to PDMI's continuous attempts to collect the alleged debt, and fees paid in an attempt to remove the false information from his credit report.

46. Plaintiff additionally suffered emotional distress in the form of annoyance, fear, anxiety and stress as a result of Defendant's continued attempts to collect a wrongful debt, since Plaintiff

feared that he would not be able to stop its attempts to collect the invalid debt, and that Defendant would continue to falsely report the debt to consumer reporting agencies further damaging his credit.

47. Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as part of this count.

49. In its attempts to collect the debt from Plaintiff, Defendant PDMI violated the FDCPA, 15 U.S.C. § 1692 *et seq*. in the following ways:

   a) Defendant violated 15 U.S.C. § 1692d when it continued to attempt to collect a debt from Plaintiff when it knew, or should have known, that he did not owe it.

   b) Defendant violated 15 U.S.C. § 1692e when it attempted to collect the alleged debt from Plaintiff using false, deceptive and misleading representations since it was attempting to collect a debt from Plaintiff that Defendant would continue to falsely report the debt to consumer reporting agencies further damaging his credit.

   c) Defendant violated 15 U.S.C. § 1692e(8) when it communicated false credit information to the TransUnion consumer reporting bureau, on or about June 12, 2017, including the false claim that Plaintiff owed a balance on the alleged debt, when Defendant knew that Plaintiff did not owe the alleged debt.

   d) Defendant violated 15 U.S.C. § 1692e(8) when it communicated false credit information to the Experian consumer reporting bureau, on or about June 12,

2017, including the false claim that Plaintiff owed a balance on the alleged debt, when Defendant knew that was not true.

e) Defendant violated 15 U.S.C. § 1692e(10) when it used false representations and deceptive means to collect or attempt to collect the alleged debt by communicating to Plaintiff that the alleged debt was confirmed to be his, when PDMI in fact had no such confirmation.

f) Defendant violated 15 U.S.C. § 1692e(11) when it contacted Plaintiff in an attempt to collect the alleged debt, and left him a voicemail on July 27, 2017, but failed to disclose its identity or state that the communication was from a debt collector.

g) Defendant violated 15 U.S.C. § 1692f when it attempted to collect a debt from Plaintiff that he did not owe, since such an action constitutes an unfair and unconscionable means to collect or attempt to collect a debt.

h) Defendant violated 15 U.S.C. § 1692f(1) when it attempted to collect an amount from Plaintiff that was not expressly authorized by the agreement creating the debt or permitted by law.

50. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages from each defendant, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant PDMI for the count alleged above for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages from each defendant pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
**Chicago Consumer Law Center, P.C.**
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-600-8466
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )

Pursuant to 28 U.S.C. § 1746, Plaintiff Timothy Harper IV, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I am filing this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _September_ _28_, _2017_
              Month      Day      Year

_____
Signature